**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

---------------------------------------------------X
BUDGET BOAT TOWING & SALVAGE COMPANY, INC., x

Plaintiff, x

- against - x **CA 07 349 (ML)**

MONTRACHET, LLC., in personam, and M/Y MONTRACHET, her engines, generators, fishing gear, tenders, electronics, interior appointments, appurtenances, etc., in rem, x

**VERIFIED ANSWER**

Defendants. x

---------------------------------------------------X

Defendant Montrachet LLC, by and through its undersigned counsel, answers the Verified Complaint, on its own behalf and as owner of M/Y MONTRACHET, as follows:

1. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2. Denies that Plaintiff is entitled to foreclose a maritime lien in accordance with Rule C of the Supplemental Rules for certain admiralty and maritime claims and the Rules of the United States District Court for the District of Rhode Island and, except as so specifically denied, denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2.

3. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.

4. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

5. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

6. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

8. Admits the allegations contained in paragraph 8.

9. Admits the allegations contained in paragraph 9.

10. Admits the allegations contained in paragraph 10 and, except as so specifically admitted, respectfully refers the Court to Exhibit "A" to the Verified Complaint for the contents thereof.

11. Denies the allegations contained in paragraph 11 but admits that at some point in time on October 22, 2006, the M/Y MONTRACHET was docked at the River House pier located in the Manasquan River in Brielle, New Jersey.

12. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

14. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

15. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

16. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.

17. Denies that the M/Y MONTRACHET was in extreme peril and, except as so specifically denied, denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17.

18. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 18.

19. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 19.

20. Denies that the M/Y MONTRACHET was in extreme peril and, except as so specifically denied, denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 20.

21. Denies that the M/Y MONTRACHET was in extreme peril and, except as so specifically denied, denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 21.

22. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.

23. Denies the allegations contained in paragraph 23.

24. Denies that the Plaintiff pulled the Catamaran free from the M/Y MONTRACHET's side and denies that the M/Y MONTRACHET would have been a total loss without Plaintiff's involvement and, except as so specifically denied, denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 24.

25. Denies that the M/Y MONTRACHET suffered any significant damage and, except as so specifically denied, denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 25.

26. Denies that the M/Y MONTRACHET would have succumbed to the fire and, except as so specifically denied, denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 26.

**AS AND TO COUNT I**

27. Repeats and re-alleges the responses contained in paragraphs 1 through 26 above in response to the allegations contained in paragraph 27.

28. Denies that the M/Y MONTRACHET was in a position of extreme peril and, except as so specifically denied, denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 28.

29. Denies the allegations contained in paragraph 29.

30. Admits that Plaintiff had no pre-existing duty to Defendant and, except as so specifically admitted, denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 30.

31. Denies that the M/Y MONTRACHET was in a condition of extreme peril and that Plaintiff is entitled to a liberal salvage award and, except as so specifically denied, denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 31.

32. Denies the allegations contained in paragraph 32.

33. Denies the allegations contained in paragraph 33.

**AS AND TO COUNT II**

34. Repeats and re-alleges the responses contained in paragraphs 1 through 33 in response to the allegations contained in paragraph 34.

35. Denies that the M/Y MONTRACHET was in a position of extreme peril and, except as so specifically denied, denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 35.

36. Denies the allegations contained in paragraph 36.

37. Admits that Plaintiff had no pre-existing duty to Defendant and, except as so specifically admitted, denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 37.

38. Denies that the M/Y MONTRACHET was in a condition of extreme peril and that Plaintiff is entitled to a liberal salvage award and, except as so specifically denied, denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 38.

39. Denies the allegations contained in paragraph 39.

40. Admits that Defendant Montrachet LLC is the owner of the M/Y MONTRACHET and, except as so specifically admitted, denies the remaining allegations contained in paragraph 40.

**AS AND TO COUNT III**

41. Repeats and re-alleges the responses contained in paragraphs 1 through 40 in response to the allegations contained in paragraph 41.

42. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 42.

43. Denies the allegations contained in paragraph 43.

**AS AND TO COUNT V [*sic*]**

44. Repeats and re-alleges the responses contained in paragraphs 1 through 43 in response to the allegations contained in paragraph 44.

45. Denies the allegations contained in paragraph 45.

**AFFIRMATIVE DEFENSES**

For its further and separate affirmative defenses to the Verified Complaint and the claims pled against it therein, Defendant avers:

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

46. The Verified Complaint fails to state a cause of action upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

47. Plaintiff never provided any services, salvage or otherwise, to Defendant or to the M/Y MONTRACHET.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

48. The services, if any, provided by Plaintiff were not salvage services. Therefore, Plaintiff should only receive nominal compensation for any services rendered.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

49. The plaintiff has failed to mitigate its damages for any services rendered.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

50. The M/Y MONTRACHET was never in serious danger or peril.

51. The employees of Plaintiff were never in serious danger or risk while providing services, if any, to the M/Y MONTRACHET.

52. The property of Plaintiff, the value of which is unknown, was never exposed to serious danger or risk while Plaintiff provided services, if any, to the M/Y MONTRACHET.

53. The services, if any, provided to the M/Y MONTRACHET did not require any special or extraordinary skill or energy on the part of the employees of Plaintiff.

54. The services, if any, provided to the M/Y MONTRACHET required only minimal labor on the part of Plaintiff's employees.

55. The environment was never exposed to serious danger or risk while Plaintiff provided services, if any, to the M/Y MONTRACHET.

56. If Plaintiff provided salvage services, which is denied (*see* the Second Affirmative Defense above), it was the lowest order salvage services, entitling Plaintiff to only a nominal award.

**WHEREFORE**, Defendant Montrachet LLC, for itself and on behalf of the M/Y MONTRACHET, prays that the Court enter judgment that:

(a) Plaintiff is not entitled to a salvage award and/or granting Plaintiff nominal compensation for the services, if any, actually provided to the M/Y MONTRACHET; or, alternatively,

(b) Plaintiff is entitled to only a nominal salvage award for having rendered the lowest order of salvage services to the M/Y MONTRACHET; and

(c) granting Defendant such other and further relief as this Court deems just and proper under the circumstances, together with the costs and disbursements of this action.

Dated: Tiverton, Rhode Island
November 8, 2007

/s/ Stefanie A. Murphy
Stefanie A. Murphy, # 7252
Law Offices of Richard S. Humphrey
3852 Main Road
Tiverton, Rhode Island 02878
Tel.: (401) 624-6152
Fax: (401) 624-8180
stefaniemurphy@richardhumphreylaw.com

- and -

Thomas M. Rittweger
Kevin J.B. O'Malley
NICOLETTI HORNIG & SWEENEY
Wall Street Plaza
88 Pine Street, Seventh Floor
New York, New York 10005-1801
(212) 220-3830

*Attorneys for Defendant Montrachet LLC*

TO: Gordon P. Cleary, Esq.
Michael J. Daly, Esq.
VETTER & WHITE
20 Washington Place
Providence, Rhode Island 02903

John K. Fulweiler, Esq.
DEORCHIS, WIENER & PARTNERS, LLP
61 Broadway, 26th Floor
New York, New York 10006

CERTIFICATE OF SERVICE

TO:

Gordon P. Cleary, Esq.
Michael J. Daly, Esq.
VETTER & WHITE
20 Washington Place
Providence, Rhode Island 02903

John K. Fulweiler, Esq.
DEORCHIS, WIENER & PARTNERS, LLP
61 Broadway, 26th Floor
New York, New York 10006

I hereby certify that I electronically filed this Verified Answer on November 8, 2007. This document is available for viewing and downloading from the Court's Electronic Case Filing System. Service on the above-identified counsel has been effectuated by electronic means.

/s/ Stefanie A. Murphy

X:\Public Word Files\25\22\legal\Draft Verified Answer.11.5.07.doc